**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MILTON THOMAS ANDERSON**                                                                 **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 1:10cv213-JMR**

**JACKSON COUNTY and KEN BROADUS**                                              **DEFENDANTS**
_____

**MEMORANDUM OPINION:**

      This matter is before the Court pursuant to a Motion [41-1] for Summary Judgement filed on behalf of Defendants Jackson County and Ken Broadus (collectively hereinafter "Defendants") on February 17, 2011. Defendants' summary judgment motion is accompanied by a Memorandum [42-1] in Support Thereof. Plaintiff filed a Response [43-1] in Opposition to Defendants' motion on March 4, 2011. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that Defendants' Motion for Summary Judgment should be granted. Accordingly, Plaintiff's claims should be dismissed with prejudice.

**FACTS:**

      On June 5, 2009, Plaintiff, Milton Anderson, was arrested by the Gautier Police Department and detained at the Jackson County Adult Detention Center ("JCADC") on the charge of sexual battery. (*See* Ex. "1" Attach. [41-1] Mot. Summ. J.) Plaintiff was subsequently indicted for sexual battery and touching a child for lustful purposes on March 10, 2010. *Id.* On May 17, 2010, Plaintiff filed this *pro se* § 1983 action against Defendants, and alleges that he suffered violations of his civil rights while being held as a pretrial detainee in the JCADC. A *Spears* hearing was held on

November 2, 2010, and both parties consented a trial by magistrate judge.[1] (*See* Order [22].)

In his Complaint, Plaintiff contends that he was subjected to verbal threats and mental abuse during his detention at the JCADC. Specifically, Plaintiff alleges that Defendant Broadus threatened him and other inmates on January 11, 2010, with removal from the protective custody zone to other zones that would result in the inmates with sex charges being harassed and/or physically abused by other inmates. (*See* Pl.'s Compl. [1-1].) Plaintiff further claims that JCADC guards spread rumors to other zones about the alleged charges of sex offenders, which Plaintiff asserts places them in danger of attack by other inmates. *Id.* Lastly, Plaintiff claims that the JCADC places inmates from other zones into the protective custody zone for the purpose of allowing the protected inmates to be attacked or physically injured. *Id.*

## STANDARD OF REVIEW:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes;

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567,

578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must

maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted").

## ANALYSIS:

In their Memorandum [42-1] in Support of their Motion for Summary Judgment, Defendants assert that Plaintiff has failed to exhaust his administrative remedies, and therefore his section 1983 claims should be procedurally barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Alternatively, Defendants contend that Plaintiff's official capacity claims are, in reality, claims against Jackson County. Thus, Plaintiff must demonstrate that his claims are actionable under the United States Supreme Court's jurisprudence regarding municipal liability under section 1983. Defendants also assert that Plaintiff's individual capacity claims are subject to a qualified immunity defense because not only has Plaintiff failed to sufficiently establish that a violation of his Constitutional rights has occurred, but Defendants' conduct was objectively reasonable and they were acting within the scope of their discretionary authority at all relevant times.

Plaintiff's complaint was filed pursuant to 42 U.S.C. § 1983, and is thereby subject to the Prison Litigation Reform Act ("PLRA"), which provides in pertinent part, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*" 42 U.S.C. § 1997e(a) (emphasis added). The PLRA requires the plaintiff "to exhaust 'available' 'remedies,' whatever they may be. The failure to do so prevents him from pursuing a federal lawsuit at this time." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "In *Booth v. Churner*, the Supreme Court decided that Congress intended a prisoner to invoke 'such administrative remedies as are available' in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court." *Wright*, 260 F.3d at 358 (citation omitted). The Supreme Court's finding was further summed up in a footnote: "Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." *Booth v. Churner*, 532 U.S. 731, 741, n. 6. (2001). The district court is not required to determine if the petitioner made a good faith effort to pursue his administrative remedies. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998)(overruled on other grounds).

The Court notes that Defendant Broadus, Director of the JCADC, submitted an affidavit, wherein he states that he has not received any grievance or report from Plaintiff concerning any of the above allegations. (*See* Ex. "2" Attach. [41-1] Mot. Summ. J.)  The Court notes that Plaintiff asserts that he sent a grievance form to the Jackson County Sheriff concerning Defendant Broadus' actions on or about January 11, 2010; however, Defendant Broadus has not received a copy of this alleged grievance nor has Plaintiff presented any evidence in support of this assertion. *Id.*  There is no evidence in the record before the Court that Plaintiff ever attempted to exhaust the available administrative remedies.  Therefore, upon a thorough review of the record and the pleadings before this Court, the Court finds that Plaintiff has failed to avail himself of the available administrative remedies provided by the JCADC.  Accordingly, this Court finds that Plaintiff's instant 42 U.S.C.

§ 1983 claims should be dismissed for Plaintiff's failure to meet the PLRA's administrative remedies exhaustion requirement.

Although Plaintiff's failure to exhaust available administrative remedies is dispositive as to his section 1983 claims and warrants dismissal of the instant case without prejudice, the Court finds that requiring Plaintiff to return to JCADC's administrative process to exhaust his available administrative remedies would be futile.  As discussed *infra*, Plaintiff has failed to demonstrate the existence of a disputed issue of material fact, and thus, Defendants are entitled to judgment as a matter of law on Plaintiff's claims.

As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment.  Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979).   The Supreme Court has stated the distinction between conditions that may be constitutionally imposed on convicted prisoners and conditions that may be imposed on pretrial detainees as follows:

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. **Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.**

*Ingraham v. Wright,* 430 U.S. 651, 671-72 (1977) (emphasis added).

The appropriate standard to apply in analyzing constitutional challenges by pretrial detainees depends on whether the alleged unconstitutional conduct is a "condition of confinement"[2] or

---

[2] The following were deemed to be conditions-of-confinement cases: *Murphy v. Walker,* 51 F.3d 714 (7th Cir.1995) (revocation of telephone, television, and cigarette privileges); *Collazo-Leon v. United*

"episodic act or omission." *See Scott v. Moore,* 114 F.3d 51, 53 (5th Cir.1997) (en banc). The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." *Hamilton*, 74 F.3d at 103. "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal-if it is arbitrary or purposeless" *Bell*, 441 U.S. at 539. "Reasonably related" means that the restriction is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. *Id.* at 561. "[T]his test is deferential to jail rulemaking; it is in essence a rational basis test of the validity of jail rules." *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 646 (5th Cir.1996).

When a pre-trial detainee alleges unconstitutional conduct which involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001). When the alleged constitutional violation is a particular act or omission by an individual that points to a derivative policy or custom of the municipality, the deliberate indifference standard is appropriate. *Scott,* 114 F.3d at 53-54. To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety. *See Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.1999).

Plaintiff alleges that Defendants are liable for various episodic acts and omissions which constituted deliberate indifference to his constitutional rights. Plaintiff's official capacity claim

---

*States Bureau of Prisons,* 51 F.3d 315 (1st Cir.1995) (disciplinary segregation and denial of telephone and visitation privileges); *United States v. Millan,* 4 F.3d 1038 (2d Cir.1993) (length of pre-trial detention); *Hause v. Vaught,* 993 F.2d 1079 (4th Cir.1993) (restriction on mail privileges); *Brogsdale v. Barry,* 926 F.2d 1184 (D.C.Cir.1991) (overcrowding); *Lyons v. Powell,* 838 F.2d 28 (1st Cir.1988) (22-23-hour confinement and placement of mattress on floor); *Fredericks v. Huggins,* 711 F.2d 31 (4th Cir.1983) (policy of refusing detainees access to drugs for rehabilitation); *Lareau v. Manson,* 651 F.2d 96 (2d Cir.1981) (overcrowding).

against Defendant Broadus is, in reality, a claim against the office which he occupied at the time of the alleged incident and, ultimately, Jackson County. Therefore, to the extent Plaintiff brings this action against Defendant Broadus in his official capacity, he must establish a constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability; that the JCADC had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the JCADC's deliberate indifference to that injury. *See Lawson*, 286 F.3d at 263. The Court notes that Plaintiff does not specify whether his claims are against Defendant Broadus in his individual capacity, his official capacity, or both. Because *pro se* complaints must be construed liberally, the Court will interpret Plaintiff's Complaint to allege claims against Defendant Broadus in his individual and official capacities. *See Williams v. Love*, 2006 WL 1581908, *5 (S.D.Tex. 2006).

A.  Threats and Verbal Abuse:

Plaintiff alleges that he was threatened by Defendant Broadus on January 11, 2010, with removal from the protective custody zone to other zones that would result in the inmates with sex charges - such as Plaintiff - being harassed and/or physically abused. (*See* Pl.'s Compl. [1-1].) However, other than the above mentioned allegation of unconstitutional conduct, Plaintiff presents no evidence that an official policy of the JCADC existed which violated his constitutional rights. The Court finds that such a bare allegation, without more, is simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. At best, Plaintiff's assertion amounts to an isolated instance of negligent conduct, which is insufficient to support the instant official capacity claim against Jackson County. Accordingly, Defendant Broadus is entitled to summary judgment on Plaintiff's official capacity claims.

To the extent that Plaintiff seeks to hold Defendant Broadus liable in his individual capacity,

he asserts that he is entitled to the defense of qualified immunity. In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert*, 500 U.S. at 231. Plaintiff alleges that Defendant Broadus threatened him and other inmates that were housed in the protective custody zone with removal to other zones that would result in those with sex charges being harassed or physically assaulted. (*See* Pl.'s Compl. [1-1].) Defendant Broadus responds by submitting an affidavit, wherein he states that on or about January 11, 2010, he went to Plaintiff's dayroom after receiving complaints that the inmates were "staying up all night and disturbing the facility." (*See* Ex. "2" Attach. [41-1] Mot. Summ. J.) Defendant Broadus denies threatening any inmate. *Id.* He claims that he informed all inmates in the Q-E dayroom that they were expected to follow the rules and if they failed to do so, then they would be reassigned. *Id.* Defendant Broadus informed the inmates that the lockdown unit was the only unit currently available to take reassignments. *Id.* Defendant Broadus claims that he did not state that he would move inmates to other zones where they would be attacked. *Id.* He notes that he explained that some inmates in general population have problems with sex offenders and mentioned that inmate Guerrero has alleged that he was assaulted as a result of his charge. Plaintiff has not submitted any evidence to contradict Defendant Broadus' accounting of the event.

The Court notes that Plaintiff has not alleged that he was ever moved out of the protective custody zone. Also, Plaintiff has not alleged that he was attacked, assaulted or physically injured by Defendant Broadus or anyone else. The law is clear that mere threats and verbal abuse alone do not rise to the level of a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S. Ct. 499, 78 L. Ed. 2d 691 (1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."). Allegations of threats, verbal abuse and harassment do not state colorable civil rights claims and are

not actionable under § 1983. *See e.g.*, *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.). Therefore, the Court finds that Plaintiff has failed to establish a violation of a clearly recognizable constitutional right. Thus, Defendant Broadus is entitled to qualified immunity against Plaintiff's individual capacity claim.

B. Failure to Protect:

Additionally, Plaintiff's complaint asserts that JCADC guards spread rumors to other zones about the alleged charges of sex offenders, which Plaintiff asserts places them in danger of attack by other inmates. Also, Plaintiff claims that the JCADC places inmates from other zones into the protective custody zone for the purpose of allowing the protected inmates to be attacked. These complaints most appropriately reflect a claim of failure to protect.

As previously noted the Court interprets Plaintiff's complaint to bring this action against Defendant Broadus in both his individual and official capacities. In order to establish an official capacity claim, he must establish a constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability: that the JCADC had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the JCADC's deliberate indifference to that injury. *See Lawson*, 286 F.3d at 263.

In a response to an Order from this Court, Plaintiff claims that it is a custom for police and Defendant Broadus to put sex offenders in other zones "so they can get jumped on." (Resp. [8-1] 1.) However, Plaintiff presents no facts or evidence that supports his broad allegation that inmates were intentionally put in danger of attack by other inmates. Plaintiff does not demonstrate a single instance of an alleged sex offender being placed into a non-protective custody zone for the purpose

of being attacked by other inmates. Other than the above allegations of allegedly unconstitutional conduct, Plaintiff presents no evidence that an official policy of the JCADC existed which violated his constitutional rights. The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. Plaintiff has presented no evidence that Defendant Broadus or any JCADC employee ever moved Plaintiff to an unsafe zone or moved violent inmates into Plaintiff's zone in order to attack or abuse Plaintiff. Furthermore, Plaintiff has not presented any evidence, or even made an allegation, that any prison official was aware of a substantial risk to Plaintiff's safety and failed to respond properly. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court notes that Plaintiff has not alleged that he was ever attacked or physically injured. At best, Plaintiff's assertions amount to isolated incidents of negligent conduct, which, by themselves, are insufficient to support the instant official capacity claim against Jackson County.

To the extent that Plaintiff seeks to hold Defendant Broadus liable in his individual capacity, Defendant Broadus asserts that he is entitled to the defense of qualified immunity. Also, Defendant Broadus notes that Plaintiff does not allege that he spread any rumors about Plaintiff or ever moved any inmates into the protective custody zone to attack or injure Plaintiff. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952, 173 L. Ed. 2d 868, 887 (2009), where the doctrine of *respondeat superior* is inapplicable, a defendant cannot be held liable unless he himself acted on account of a constitutionally protected characteristic. Since "vicarious liability is inapplicable to... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 1948, 173 L. Ed. 2d 868 (2009). "A Complaint must state a claim that is plausible on its face." *Id*. at 1949-50, 1953, 173 L. Ed. 2d 868 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007). As was the case in *Iqbal*, here the Plaintiff's Complaint does not contain any factual allegations sufficient to plausibly suggest Defendant Broadus himself violated a constitutional right of the Plaintiff. Therefore, Plaintiff's pleadings do not meet the standard necessary to comply with Federal Rule of Civil Procedure 8 and subject Defendant Broadus to liability in his individual capacity.

However, out of an abundance of caution, the Court will analyze Defendant Broadus' claim of qualified immunity. In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert*, 500 U.S. at 231. Prison officials violate the Constitution only if they are both aware of a substantial risk to an inmate's safety and fail to respond properly. *Farmer*, 511 U.S. at 834. Therefore, Plaintiff must show that he was incarcerated under conditions that create a substantial risk of serious harm, and that Defendant Broadus was deliberately indifferent to his safety. *See Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). The standard is subjective. Thus,"[t]he official must both be aware of facts from which an inference could be drawn that a substantial risk of a serious harm exists and must in fact also have drawn the inference." *Id.* at 593 (internal quotations omitted).

Based upon the facts presented, the Court is unable to conclude that Defendant Broadus was in any way deliberately indifferent to Plaintiff's safety. Plaintiff does not allege, nor is there any evidence presented, that Defendant Broadus placed inmates in the protective custody zone to attack or physically injure Plaintiff. There is no evidence presented, nor does Plaintiff allege, that Defendant Broadus ever spread a rumor about Plaintiff in order to encourage other inmates to attack Plaintiff or that Defendant Broadus was even aware of such alleged conduct. Most notably, there is no evidence, nor does Plaintiff allege, that he was ever attacked or ever moved from the protective custody zone. Additionally, there is no evidence that any inmate was ever moved into the protective

custody zone and attacked Plaintiff or any other inmate. Defendant Broadus notes that inmates with violent charges are purposefully not placed into the protective custody zone in order to prevent harassment of inmates with sex charges. (*See* Ex. "2" Attach. [41-1] Mot. Summ. J.) Defendant Broadus contends that JCADC officers are trained not to discuss inmate charges with other inmates. *Id.* Absent some indication that Defendant Broadus was subjectively aware of intent to cause harm, Plaintiff's allegations are insufficient to give rise to liability for failure to protect.

After viewing the evidence in a light most favorable to Plaintiff, the Court concludes that Defendant Broadus did not display deliberate indifference to Plaintiff's safety. The Court notes that Plaintiff has not identified any officers that allegedly spread rumors in hopes of causing Plaintiff or other inmate with sex charges to be attacked or physically injured, nor does Plaintiff identify any occasion where an inmate in the protective custody zone was placed into another zone for the purpose of being attacked. Also, Plaintiff has not identified any occasion where inmates from other zones were placed into the protective custody zone for the purpose of attacking inmates with sex charges - such as Plaintiff. The Court notes that Plaintiff has not even alleged that Defendant Broadus was aware of any JCADC guard discussing inmate charges with other inmates or the alleged moving of violent inmates into the protective custody zone to attack or physically injure other inmates. At the very best, Plaintiff has alleged negligence. However, deliberate indifference is the subjective intent to cause harm, and it cannot be inferred from a jail official's failure to act reasonably. It is not the same as negligence. *Hare v. Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). Mere negligent failure to protect a pre-trial detainee from attack does not justify liability under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986).

Assuming, *arguendo*, that Plaintiff has raised a genuine issue as to whether his constitutional

rights were violated, the Court finds that Plaintiff has presented no evidence of any unreasonable conduct on behalf of Defendant Broadus.  Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable.  *Hare v. City of Corinth, Miss*, 135 F.3d 320, 327 (5th Cir. 1998).  Plaintiff has presented no evidence that Defendant Broadus was aware of any JCADC guards discussing inmate charges with other inmates.  Plaintiff has not alleged that Defendant Broadus placed inmates from other zones in the protective custody or discussed Plaintiff's charges with other inmates for the purpose of having inmates attack Plaintiff.  Again, Plaintiff has not alleged that he has been attacked by anyone as a result of the allegations contained in his complaint.  The Court is unable to conclude that Defendant Broadus in any way exhibited unreasonable conduct.  Based upon the record, the Court finds that Defendant Broadus did not behave in an objectively unreasonable manner.  Therefore, Defendant Broadus is entitled to qualified immunity as to Plaintiff's individual capacity claims.  These issues are without merit.

Although he has not presented any evidence that he suffered any physical injuries, Plaintiff contends that his experiences amount to mental abuse.  (*See* Pl.'s Compl. [1-1].)  However, pursuant to the Prison Litigation Reform Act, "no federal civil action may be brought by a prisoner... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  If a prisoner cannot provide evidence of a physical injury, the PLRA bars recovery for mental and emotional damages. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  In order to determine whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering, the "injury must be more than *de minimis*, but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  As noted above, Plaintiff has not presented any evidence that he suffered a physical injury and thus he is barred by the PLRA from seeking psychological damages.  Accordingly, the Court finds that Plaintiff has

failed to establish that he suffered a violation of any cognizable constitutional right.

The Court also finds that to the extent Plaintiffs' complaint could be construed to allege claims under state law, they are barred by provisions contained in the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1, *et seq*. Specifically, the Act provides that a government subdivision shall not be liable for a claim "of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution regardless of whether such claimant is or is not an inmate . . . when the claim is filed." MISS. CODE ANN. § 11-46-9(1)(m). The Court finds that because Plaintiff was an inmate at the time these events allegedly occurred, any claims arising under Mississippi law as a result of these alleged events are barred by the above provision.

## **CONCLUSION:**

Based on the forgoing analysis, this Court is of the opinion that Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claims. Therefore, this Court finds the Defendants' Motion [41-1] for Summary Judgement should be granted, and that all claims against Jackson County should be dismissed with prejudice, as well as any claims against Major Ken Broadus in both his individual and official capacity. Accordingly, this Court finds this case should be dismissed with prejudice.

**SO ORDERED**, this the ___22nd___ day of June, 2011.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE